The Honorable, the United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable Court may give their attendance and they shall be heard. God save the United States of America and this Honorable Court. Court is in session. Today's cases will be called as previously announced. The times will be as allotted to Please introduce yourself for the record and proceed with your argument. May it please the Court, Jessica Thrall on behalf of Kadeem Pimentel and with the Court's permission I would like to reserve two minutes for rebuttal. Yes. Thank you. Knowing that the warrant had been limited to the second floor unit and without obtaining judicial authorization, behavioral police searched the third floor unit at 88 Fountain Street and found firearms. That warrantless search was presumptively unreasonable and violated the Fourth Amendment. This Court should reverse the finding in the District Court and suppress the evidence found during that search. Counsel, we have we have precedents suggesting that the designation of the apartment unit was really not necessary to meet the particularity required with the warrant if that was mere surplusage? If that designation was mere surplusage, why wasn't it reasonable for the officers once they understood that the defendant lived in apartment unit three? Why wasn't it reasonable for them to conclude that the warrant permitted them to search the apartment where they now understood that he lived? Why wasn't that a perfectly feasible judgment? Again, since that apartment unit designation was just surplusage. Thank you. So with respect to Mr. Pimentel's name being on the warrant and the potential that that name designation could override the directive of the magistrate for searching only the second floor unit, the fact that the warrant names Kadeem Pimentel does not bring the search of the third floor within the the warrant describes the premises as the second floor which is occupied by and or in the possession of the listed persons. It's a single description authorizing a search of the second floor only, not an alternative description granting permission to search any unit which belonged to any of the erodes the requirement of specifying which unit number should be searched when looking at multi-unit building searches. And looking at the warrant itself the description is the second floor which is occupied by a number of people and naming Kadeem Pimentel in the warrant does not create an alternative search location. When the officers had been directed and were clearly on notice to only search the second floor the presentation of the names might have made the warrant overbroad but the warrant was still limited to the second floor and in this case where the officers had been specifically limited by the magistrate to only search the second floor I believe that this makes the Pimentel case different than the previous decisions in this court. And the officers and particularly detective Burrell who applied for the search warrant testified and the testimony is found in pages 164 to 165 of the joint appendix and then again at 173 and 174. Not only was detective Burrell specifically on notice that he could only search the second floor the entire team of officers executing the warrant had had a meeting discussed which units to enter and they knew they could only enter the second floor. So when we're applying the good faith exception what are we supposed to ask about the conduct of officers? Aren't we supposed to make a judgment as to whether they could look at the warrant and reasonably conclude that it allowed them to search the third floor? Given the identification of Mr. Pimentel as really the object of the search that wasn't reasonable for them once they understood that he lived on the third floor. That's the object of that's the object of the search that's where that's where that's where he lives. It wasn't reasonable to say well that's where we should go. Well the good faith requires that the police only search those places that it's reasonable to believe are covered by the warrant and in this case there is no ambiguity as there are in some of the other cases where the court has found good faith there is no ambiguity here. The warrant is clear second floor only and there was a specific designation of second floor only by the magistrate. So in the moment when they realize that Mr. Pimentel does not live on the second floor the search should have stopped and good faith won't cover a search that exceeds the scope of the warrant. So here the issue is that there is no ambiguity and no officer circumstances on the ground created an ambiguity there's no ambiguity the face of the warrant that's true but the circumstances the officers confronted did create an ambiguity isn't that so? To the extent that there was new information that the officers learned during the execution of the good faith shouldn't permit the search of the third floor absent the application for a new warrant. Let me follow up on that question it is my understanding from the record that the second and third floor apartment once you go into the second floor internally they're connected doesn't that make a difference in so far the good faith at least is involved? No your honor the district court's findings about the second and third floor are pretty clear in the addendum on pages two and three in Judge Saris's findings of fact she summarizes the testimony of our witness Diana Pimentel who described the sort of details of the differences between the second and third floors and yes there is a connection through a back hallway but these are two very separate and distinct units with separate mailboxes doorbells things that were clearly visible to the officers either during the investigation prior to searching and during the execution of the search itself there's a separate kitchen there's separate and then there's also things that they couldn't see like utilities but in terms of the things that they could see it was readily apparent that these were two separate units and that certainly was not ambiguous and should have been a clue or cue for the officers to stop their search. Counselor Dessler your argument if we were to accept it might create a kind of perverse incentive in the sense that okay instead of making our warrants more particular by identifying apartment units to avoid this problem we just won't specify the apartment unit we'll just we'll just put in the warrant that we're looking for the apartment of a particular individual so we'll leave it a bit vague so that when they go on to the site and this is a point that Judge Radin makes in his in his concurrent well we can we can look at the I mean aren't you really inviting less particularity if we accept your argument? If you accept my argument you also can accept that the officers should stop their search and apply for a new warrant instead of continuing on with a search that they knew was clearly outside the You are out of time but I don't believe you answered Judge Lopez's question. If he's satisfied we'll move on but would you take another stab at answering the question? Sure if I understand the question correctly is a concern that applying our analysis would the other case law is quite clear that in multi-unit buildings there is a requirement that the unit number be identified I don't believe that that's going to change what will change is I don't think that's a correct statement of the law at all I don't think that's what the law says where do you where do you get that proposition? That there should be clarity in the unit number that's identified your honor. And that my proposition is that the officers instead of changing what's written in the warrant or the application that if you adopt our proposition that we would have officers who would stop when they know they are exceeding the scope of the search warrant. All right thank you unless there are additional questions at this time of Ms. Thurl we'll hear Mr. Lockhart if you would mute your audio and video Ms. Thurl. Good morning your honors and may it please the court Donald Lockhart for the government. Defense counsel stated in argument that quote good faith won't cover a search that goes beyond the scope of a warrant but that's clearly not the case in light of the Supreme Court's in Rawlings this court's decision in Woodbury and this court's decision in Aslan. As Judge Saris found this court's decision in Woodbury is closely on point and the officers here acted in good faith in executing the search warrant at issue. Recall that in Woodbury the officers had a warrant for the lower left hand apartment of a multi-unit building. They arrived at the door of that building and lo and behold someone other than the defendant resided there. Based only on the say-so of that unknown person they then burst into the door of the floor above the defendant or the person they found on the scene said I think the defendant may reside one floor above on the second floor left hand side apartment. Based only on that information the officers went into that place found the defendant and found his firearm. This case is actually easier to decide in the sense that we have it right from the horse's mouth right from the defendant Kadeem Pimentel that he is living on the third floor. They see him coming down from the third floor at 2 30 in the morning he says his girlfriend and his shotguns are up on the third floor. He's just fired one of those shotguns outside this residence a mere six hours before and so in this case the officers actually have an even better reason than they did in Woodbury to go into the space that they went into. Counsel may I ask you a question about that? Yes. So in the in the case where there's a reasonable mistake in terms of identifying which actual unit seems to me that that's one thing if you get show up at the location to search and determine that that the warrant misidentified the unit but what about the situation where the person has moved and and I'd like to I'm just I want to test the limits here so let's say we're talking about a single family residence and you show up to execute the warrant that properly identifies a particular residence and you get there and the people come out and say no he moved two weeks ago and he lives three houses down now how's that different or is it the same as our case? Well right in your hypothetical your honor I guess you're positing that the officers then have to decide whether to search a completely separate house perhaps blocks or even in a different city something like that and that obviously is not our case it's not something you have to address here I don't believe we would contend in that sort of radically different scenario that good faith would allow the officers to travel to a distant city to or even blocks away to search a different house. How about one house away? No I don't believe so your honor what we're dealing here with a very specific and quite common situation which is the multi-unit structure and and within that something even narrower still which is the you know extended family multi-unit dwelling which presents I think a unique situation in terms of what officers can be expected to do or not do it's not just that it's the same building but it's a building with three floors and on all three floors are members of the defendant's extended family he's been living on the second floor until just two or three weeks before the search warrant and then lo and behold they come in and he's moved up to the third floor you know I think if the court is trying to figure out the limits of government's position it's useful to look at the two second circuit cases relied upon by the defense in this case and those are Bustaniak and Berchanski because you can see right in those cases situations where the government's position would not allow a good faith search indeed in Bustaniak the second circuit distinguished Woodbury precisely for the reason that in that case unlike here the warrant was not geared to a specific defendant or probable cause to believe that the defendant had the incriminating items in a specific abode as judge but surely you wouldn't counsel surely you wouldn't say that a 200 unit high-rise condominium where a person was believed to live on the ground floor but but moved to the top floor that it would be good faith once you learn that the person moved that you could just go to the you know several floors away several units away or would you say that and so is what distinguishes here is that there are just three floors and it's family I'm trying to understand what the principle is right so it is in part the fact that there are three floors it is in part the fact that this is a multi-generational family living all in the same space but your honor we're asking you to look at the broader totality of the circumstances and the facts on the ground that the officers encountered when they came here and also by the way on two provisions in the actual text of this search warrant which also distinguished this case from Woodbury or make this an easier case to decide than Woodbury from our perspective if I could turn to the search warrant text judge Saris focused on one provision in particular we focus on that and also a second the search warrant is at page seven of the government's addendum page seven of the addendum to the red brief and it's also on page 276 of the joint appendix the same document appears in both cases it's exhibit four and if you have it in front of you it may be useful because I would like to just direct your attention to a couple clauses in the search warrant what paragraph are you referring to okay if you're if you're if you have the search warrant in front of you and you can see the exhibit sticker four I would ask you to move about a third of the way down and you'll see the items that the officers are allowed to search for and those include shotgun and ammunition pertaining to the same paperwork extra firearm magazine ownership papers and any items that pertain to the firearm and proof of residency so that's what they're looking for if you go a little bit further down you'll see the place that they're looking for those items in and it's 88 Fountain Street second floor etc etc but just below that you'll see which is occupied by and or in possession of and then you have four names and those four names are the defendant his girlfriend his aunt all of whom live on it turns out live on the third floor and then finally the grandmother who lives on the second floor a little further below that you'll see another relevant clause which says that the officers are allowed to search for these items that I've just mentioned on the person or in the possession of all four of these people three of whom live on the third floor one of whom lives on the second floor and of course it's quite reasonable for the officers to think that residency papers or papers relating to this firearm or these firearms may be found in the possession of these other people who are after all defendants close family members so what we're saying your honor is that in a situation where we have language like this in the warrant and officers are getting the warrant at midnight coming into a multi-unit family dwelling at 2 30 and they're relying on this language in the warrant and they're also relying on the facts on the ground as they unfold when they make entry that in combination all of these factors the totality of the circumstances add up to good faith and we were just excuse me the second floor is handwritten on the warrant right who who would I guess who inserted that second floor so what the record reflects your honor is that the clerk not the issuing judge but rather the clerk to the judge asked detective burrow to make that amendment and from our perspective whether it's handwritten or suppression and no suppression uh because uh why would we think that an issuing judge uh you know cares about the distinction between handwritten and typed no I'm not suggesting the warrant are the words in the warrant but it's it just emphasizes the specificity of the warrant what what entitled the officers here to make what seems to be a legal determination that even though the warrant specifies the second floor uh they were nevertheless permitted to search the third floor I mean we're we're having this debate here about whether that was whether the law would permit that determination well again there's no ambiguity in the warrant they seem to take it upon themselves to make the legal judgment that even though the warrant particularly specifies a second floor we can nevertheless go to the third floor what allows them to make that kind of legal judgment well your honor with respect we don't view it as quite a legal determination in the sense that we're not here to debate so much the question of you know the actual scope of the warrant and here we would submit that it is in fact ambiguous in light of the two clauses we've just mentioned the question for good faith purposes is whether the officers in light of the totality of the circumstances have consciously or flagrantly gone beyond the scope of the warrant and so we're not really engaged in in a sort of a legal debate involving the officers and their interpreting interpretation of the warrant we're looking more broadly at the not just the language of the the warrant but what they encountered on the scene and also for that matter the the exigencies of this situation at the time because although there is no freestanding exigency argument made in this case we do believe that in looking at the totality of the circumstances you should weigh that in the balance as well and here we have a situation where this sawed-off shotgun was fired by the defendant a mere six hours before the search went down at 2 30 in the morning and while that may not in itself add up to exigency it certainly bears on the good faith question that you're here to decide so are you are you saying i just want to make sure i fully understand are are you saying that when they learned that he resided on the floor even though the warrant appears to identify the second floor or are you saying that the items that they were looking for this warrant authorized them to search any of the floors for these items even if they had determined that he resided only on the second floor or are you saying both um well i think what we're saying your honor is that uh in light of the passages in the warrant that i've quoted and the facts on the ground that they encountered they could reasonably conclude that the warrant authorized them to go up to the third floor to get those shotguns and again we're talking about certain extra clauses the two extra clauses that i've mentioned which are not tied either to the second or the third floor they speak in terms of the floor that's occupied by these four people and also about the items that may be in their possession that the officers can look for and so we're not we're not asking the question of whether as a strict legal scope question uh these you know warrant this warrant language permitted them to go to the third floor we're asking rather whether it was reasonable at least not consciously and flagrantly in violation of of the warrant for them to to go up there and that's the key distinction that runs through this case once we have as in woodbury a situation where the warrant is really directed as judge lapez said earlier at mr pimento himself that's a big key to the analysis right there but okay but so um my recollection is that the district court in its good faith analysis relied on the fact that they determined that pimento lived on the third floor as opposed to this notion that they could have reasonably read the warrant to allow them to search the entire house no wet no matter where he lived so two questions did the district court also decide on this alternative basis and whether or not it did did the government argue this basis below yes the district court did rely on the below and in addition the the government argued the second clause that i've mentioned which allowed a search on the person or in the possession of the four people mentioned judge saris did not single out that second clause in her ruling she only singled out the occupied by or in possession clause that i mentioned thank you um other questions from the court judge help let me uh let's assume uh attorney thrall is correct in in her argument that the search warrant should be limited to the second floor from the arguments you've been posing it would seem to me the 2 30 in the morning the weapon had been shot six hours before uh mr pimentel says uh they're upstairs uh aren't you arguing for all practical purposes that even though warrant may not allow the third floor there are exigent circumstances with weapons up there uh wouldn't this allow the search of the third floor alternatively so your honor i have to be careful here because in the district court uh judge saris was very careful to find that the government had waived any exigency argument we had the ability to make that argument in the district court and we did not i'm making a more limited contention here which is that in the context of your totality of the circumstances review for good faith that exigency does actually play some role maybe not a dispositive role but at least some role in the analysis and we're not asking for a rule which says in blanket terms every time an officer exceeds the scope of of a warrant in a situation where they discover that somebody lives in a separate apartment in a multi-unit dwelling that good faith covers that situation we're asking for a fact-bound ruling that applies to the unique circumstances of this case thank you thank you very much miss for all you have two minutes mr lockhart if you would mute audio and visual uh thank you your honor i'll i'll just address a few points um i wanted to make a point following um your honor's example of the high-rise building and the sort of extent to which reasonableness would carry that type of search um i think one of the things that makes this case so unique is and as justice lapez mentioned is this handwritten notation on the search warrant where detective corral is very specifically limited to the second floor that is always going to be something that makes this particular case more factually unique and in my view should contain the scope of the search to the second floor um this is certainly not a case where we see any evidence of any exigency and i wanted to response to the justice help his question about um whether that should be sort of part of the analysis here or even apply to the good faith component is we know from the testimony of the detectives that there were no issues with any person present in this home this is not a situation even like in woodbury where they heard noises on the other side of the door that could suggest maybe the destruction of evidence we don't have anything like that here we have people who were entirely compliant with the court with the police orders they listened to all the police directives they were quiet and sitting in the living room there were no issues here that would suggest any type of exigency even in the context of a firearm case um and i think there are a couple other important distinguishing factors here from woodbury namely that in this case which is different than woodbury they searched two units they do not limit the search in this house to the third floor or to the second floor they when they arrive at the apartment building knowing that there is an ambiguity in the warrant knowing there's some potential that they did not have the right apartment unit they learn which apartment unit does belong to mr woodbury they go only to that unit and they search only that unit here they search both second and the third floor and i believe that that is an exception from woodbury um and i don't i don't believe i have anything further unless the court has more questions for me thank you that concludes argument in this case attorney thrall and attorney lockhart you should disconnect from the hearing at this time